UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: W.A.R. LLP<br><br>Bankruptcy Debtor | Civil Action No. 12-1796 (RCL) |

## MEMORANDUM ORDER

Appellant Ty Clevenger seeks review of Bankruptcy Judge S. Martin Teel, Jr.'s imposition of $5,000 in Rule 9011 sanctions against him in Bankruptcy Case No. 11-44. *See* Am. Brief for Appellant, ECF No. 12; Order and Judgment, Sept. 25, 2012, Bankr. Case No. 11-44, Doc. No. 370. Judge Teel found that Clevenger had repeatedly made frivolous legal arguments to the court on behalf of his client and had done so for an improper purpose.

Clevenger raises three bases for reversing Judge Teel's order and judgment. First, he contends that the sanctions are akin to a finding of criminal contempt and, therefore, that he should have been afforded the procedural protections that attend a criminal contempt proceeding. Second, he argues that the amount of the sanctions imposed was excessive. Finally, he argues that there was insufficient evidence that he had an improper purpose. All of Clevenger's arguments fail.

### A. Standard of Review

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees issued by bankruptcy judges. 28 U.S.C. § 158(a). The bankruptcy court's legal conclusions are subject to de novo review. *In re Hope 7 Monroe Street Ltd. P'ship*, 743 F.3d 867, 873 (D.C. Cir. 2014). Its findings of fact, however, may only be reversed for clear error. *Id.*

### B. Bankruptcy Court Need Not Have Applied Criminal Due Process

The procedure used by Judge Teel was valid and he was not required to afford Clevenger with the type of process given those subject to criminal contempt proceedings. The sanctions were ordered pursuant to Federal Rule of Bankruptcy Procedure 9011. That rule provides that a court may order sanctions on its own motion if it enters "an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." Fed. R. Bankr. P. 9011(c)(1)(B). The record indicates that this is precisely what Judge Teel did and Clevenger does not contest that Judge Teel adhered to this standard. *See* Order Directing Wade A. Robertson and Ty Clevenger to Show Cause, July 11, 2011, Bankr. Case No. 11-44, Doc. No. 212.

Instead, Clevenger contends that four factors indicate that the sanctions ordered are punitive and, therefore, criminal in nature: (1) the amount of the sanctions, (2) the fact that the sanctions are to be paid to the court, (3) the fact that the sanctions are concerned with past conduct, not future compliance, and (4) the fact that there is no opportunity to purge the sanctions by better behavior. Am. Brief for Appellant at 2. In support of the utility of these factors, Clevenger cites *Mackler Productions, Inc. v. Cohen*, 146 F.3d 126 (2d Cir. 1998), which described the analytical framework that should be used in determining whether sanctions "should be considered punishment for criminal contempt, rather than remedies for civil contempt." *See id.* at 129. Clevenger also cites decisions from other courts of appeals holding that Rule 11 sanctions ordered on the court's own motion are only authorized if the conduct is "akin to a contempt of court." *See Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255–56 (11th Cir. 2003); *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003).

Clevenger's arguments along this line are unavailing. Judge Teel was not required to afford Clevenger with the procedures used in criminal contempt proceedings because the sanctions were rendered in accord with the terms of Rule 9011 and because Rule 9011 sanctions proceedings need not have such protections.

Rule 9011 states that sanctions imposed for a violation of the rule are "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr. P. 9011(c)(2). The rule prescribes that a sanction may consist of or include "an order to pay a penalty into court." *Id.* Judge Teel stated that the sanctions ordered were limited to the amount required to deter further violations of Rule 9011 by Clevenger and those similarly situated.[1] *See* Mem. Decision Addressing Mots. To Reconsider at 24, Sept. 25, 2012, Bankr. Case No. 11-44, Doc. No. 369; Mem. Decision re Imposition of Sanctions at 56, May 3, 2012, Bankr. Case No. 11-44, Doc. No. 275. Thus, as to the stated purpose of the sanction order, its size, and the method of its payment, Judge Teel's order was within Rule 9011's terms. As already stated above, the procedure adopted by Judge Teel also complied with Rule 9011.

Furthermore, the Court agrees with the many courts that have held that there is no basis to equate sanctions under Rule 9011 and criminal contempt. *See In re DeVille*, 361 F.3d 539, 552–53 (9th Cir. 2004); *Eisenberg v. Univ. of N.M.*, 936 F.2d 1131, 1136–37 (10th Cir. 1991) (construing Fed. R. Civ. P. 11);[2] *In re Tbyrd Enters. LLC*, 354 F. App'x 837, 839 (5th Cir. 2009) (unpublished op.) (per curiam); *In re Yehud-Monosson USA, Inc.*, 472 B.R. 795, 803 (D. Minn. 2012). The Ninth Circuit persuasively discussed the point in *In re DeVille*, relying upon the

---

[1] It should be noted, then, that Clevenger incorrectly characterizes the object of the sanctions when he contends that they are concerned with punishment and not future compliance with Rule 9011.

[2] Federal Rule of Civil Procedure 11 and Bankruptcy Rule 9011 are functionally identical in all relevant respects and, therefore, interpretations of Rule 11 inform the Court's understanding of Rule 9011. *Cf. Burns v. George Basilikas Trust*, 599 F.3d 673, 677 (D.C. Cir. 2010) (holding that Rules 11(b) and 9011(b) "are identical in all material respects" and applying Rule 11 case law to define the standard of review for Rule 9011 sanctions).

advisory committee's notes to Federal Rule of Civil Procedure 11 as supplying "controlling insight" into Rules 11 and 9011. *See* 361 F.3d at 552. The court cited the advisory committee's various statements of the policies and procedures underlying the sanctions process authorized by Rules 11 and 9011, all of which "foreclos[e] the contention that the drafters of either rule were contemplating a criminal process." For example, the process to be used is left mostly to the court's discretion. The court may decide the issues based solely on the written submissions or it may allow for oral argument and evidentiary presentation. *See id.* at 552–53 (quoting Fed. R. Civ. P. 11 advisory committee's notes (1993)). The advisory committee's observations about the purpose of the rule are also revealing. They emphasize that the fundamental object of Rule 9011 sanctions is deterrence of further sanctionable conduct, not punishment of past conduct. *See id.* at 553. These comments also demonstrate the central role of the court in determining whether sanctions should be imposed and what the amount should be. *Id.* The ample discretion, procedural flexibility, and central role conferred on the bankruptcy court indicates that the drafters of Rule 9011 did not have criminal proceedings of the type envisioned by Clevenger in mind. *Cf.* Fed. R. Crim. P. 42(a) (requiring the use of various procedural protections before a person may be convicted of criminal contempt committed outside of a judge's presence, including the appointment of a prosecuting attorney and institution of a trial).

Because the sanctions rendered against Clevenger were ordered pursuant to Rule 9011 and in accord with that rule's purposes and procedures, Clevenger has no basis to challenge Judge Teel's order and judgment on the grounds of a refusal to apply the procedures applicable to criminal contempt.

Clevenger's citation of *Mackler Productions* and its factors for determining the civil or criminal nature of contempt is inapposite. As the Ninth Circuit noted in *In re DeVille*, the sanctions

4

at issue in *Mackler Productions* were explicitly labeled by the district court as "punitive" and were rendered pursuant to the court's inherent power. *See In re DeVille*, 361 F.3d at 553 n.9. Thus, the sanctions in that case did not have the purpose of deterring future conduct but, instead, were intended to punish past conduct. Furthermore, the sanctions in that case were not rendered pursuant to Rules 11 or 9011, which, as set forth above, were enacted to allow courts to impose sanctions without the strictures of criminal due process.

Clevenger's argument is also not supported by the cited cases holding that *sua sponte* Rule 11 sanctions may only be ordered on the basis of conduct that is akin to contempt of court. The D.C. Circuit has expressly declined to decide whether these cases correctly state the standard for imposing Rule 11 sanctions *sua sponte*. *See Lucas v. Duncan*, 574 F.3d 772, 776 (D.C. Cir. 2009). More importantly, the cases themselves do not lend support for requiring criminal contempt procedures when a court orders Rule 11 or 9011 sanctions on its own motion. Instead, they merely discuss the stringency of the standard of review in this situation and the *mens rea* that the sanctioned party must have had for the sanctions to be valid. *See In re Pennie & Edmonds*, 323 F.3d at 90.

### C.   Amount of Sanctions Was Not an Abuse of Discretion

Clevenger also challenges the size of the sanctions imposed on him. He does so by cherry picking sanctions awards from other cases that were smaller than the $5,000 judgment at issue in this case and arguing that the conduct in those cases was worse than his conduct here. This argument fails as well.

Sanctions for violation of Rule 9011(b) are reviewed for abuse of discretion. *Burns v. George Basilikas Trust*, 599 F.3d 673, 677 (D.C. Cir. 2010). Courts should afford "[d]eference to the determination of courts on the front lines of litigation" because they are "best situated to

determine when a sanction is warranted to serve Rule 11's goal of specific and general deterrence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990). This rationale extends to the size of the sanctions awarded in service of the rule. The law of this circuit holds that courts have "'virtually untrammeled' discretion in fixing the amount of sanctions to be imposed" under Rule 11 and, therefore, Rule 9011. *See Carswell v. Air Line Pilots Ass'n, Int'l*, 248 F.R.D. 325, 330 (D.D.C. 2008) (quoting *Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 46 (D.C. Cir. 1990)) (discussing the standards applied under Rule 11). In a case, such as this, where the sanctions were ordered *sua sponte*, the district court should review them with particular care. *See Lucas*, 574 F.3d at 775.

Clevenger has stated no basis for the Court to conclude that Judge Teel abused his ample discretion in deciding the amount of sanctions that should be awarded. Judge Teel held that the legal arguments advanced by Clevenger again and again were frivolous—a conclusion Clevenger concedes on appeal. *See* Am. Brief for Appellant at 1. Judge Teel also found that Clevenger made these arguments for an improper purpose. The Court holds that there is no clear error in that finding. *Compare Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665–66 (11th Cir. 2010) (holding that improper purpose under Rule 11 may be "inferred from excessive persistence in pursuing a claim or defense in the face of repeated adverse rulings" and that a "motive to harass can also be inferred from an attorney's filing of factually or legally frivolous claims") (internal citations and quotation marks omitted), *with* Mem. Decision re Imposition of Sanctions at 35–38, 50–52, 54 n.23 (finding that Clevenger's conduct was rooted in an improper purpose because the arguments asserted were patently frivolous and because he and his client had already received two adverse rulings as to the arguments in other courts). In light of these two violations of Rule 9011(b), the Court cannot say that it was an abuse of discretion to sanction Clevenger $5,000 on

the mere basis of an anecdotal comparison to sanctions amounts in other, unrelated cases. Judge Teel was on the "front lines" of this litigation and, thus, was best situated to determine what level of sanctions were required to satisfy the purposes of Rule 9011.

### D.  Finding of Improper Purpose Was Not Clearly Erroneous

Although he does not devote a separate section of his brief to the issue, Clevenger also argues at various points that there was insufficient evidence of improper purpose and, therefore, that Judge Teel's finding of such an improper purpose was clearly erroneous. Clevenger argues that this finding was necessary to support the sanctions. The Court concludes that Clevenger's argument is without merit for the reasons stated in the preceding paragraph.

### E.  Conclusion and Order

For these reasons, it is hereby

**ORDERED** that the Bankruptcy Court's Order and Judgment of September 25, 2012, Bankr. Case No. 11-44, Doc. No. 370 is **AFFIRMED**.

This is a final, appealable order. The Clerk shall terminate this case from the Court's active docket.

Signed this 6th day of August 2015.

ROYCE C. LAMBERTH
United States District Court